PERRY WHERRITT *v.* N. M. DURBIN.

**Vendor and Purchaser—Deficit—"More or Less" Annexed to Designation of Quantity.**

> Appellee being the vendee of White, who was vendee of Fowler, who was vendee of Wherritt, who was vendee of Crow, of a tract of land described by metes and bounds in the several deeds, but recited that it contained 164 acres, "more or less," when it contained less than 130 acres. The appellant knew nothing of its boundaries, but Fowler did, and attempted to make the purchase by the acre, which appellant refused, hence, he bought by the gross, with the words "more or less" annexed to the designation of the quantity. Appellee sued Crow, in equity, on the covenant of general warranty in his deed to appellant; Crow proved by appellant that it was understood between him and Crow that there was a deficiency, hence, the words "more or less" in the deed. Appellee then by amendment sued appellant on his deed to Fowler, and dismissed as to Crow. Held, that the sale was in gross and not by the acre.

APPEAL FROM HARRISON CIRCUIT COURT.

February 19, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Durbin being the vendee of White, who was vendee of Fowler, who was vendee of Wherritt, who was vendee of Crow and wife, of a tract of land described by metes and bounds in the several deeds but reciting that it contained 164 acres *"more or less"* when in fact it contained something less than 130 acres.

Wherritt had never lived on the land and knew nothing of its boundaries but Fowler was tenant thereon when or soon after Wherritt bought it and knew its boundaries and knew that it was generally understood in the neighborhood around the land that there was a deficiency, and he attempted to make the purchase by the acre, which Wherritt peremptorily refused, hence, he bought by the gross and described boundaries, with the words "more or less" annexed to the designation of the quantity.

On survey it was ascertained to contain only about 129 3-4 acres when Durbin sued Crow in equity on the covenant of general warranty in his and his wife's deed to Wherritt; Crow proved by

Opinion of the Court.

Wherritt that it was understood between him and Crow that there was a deficiency, hence the words more or less in the deed. Durbin then by amendment sued Wherritt on his deed to Fowler and dismissed as to Crow, and the court adjudgd against him the value of the deficiency from which he has appealed.

There was evidently neither fraud nor mistake in Wherritt's sale to Fowler, for he made no representations as to the quantity and refsued to sell otherwise than by the designated boundaries, which are correct. Fowler knew there was a deficiency, as well as Wherritt; perhaps neither knew the exact amount of this, but still it indicates the meaning of the words more or less in connection with the recited boundaries and quantity.

As there is neither fraud nor mistake shown nor to be presumed from the facts the judgment was erroneous and is reversed with directions to dismiss the petition as to Wherritt.

*Cleary & West, for appellant.*

*Trimble, for appellee.*